623 So.2d 621 (1993)
Larry Dale PHILLIPS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1562.
District Court of Appeal of Florida, Fourth District.
September 8, 1993.
Alan H. Schreiber, Public Defender, and Stacey J. Pastel, Asst. Public Defender, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Coburn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
FARMER, Judge.
In this appeal from an order denying relief under rule 3.850, we reverse and remand with instructions to discharge the defendant on the basis of State v. Williams, 623 So.2d 462 (Fla. 1993). In so doing we necessarily have decided that the rule in Williams may be given retroactive application, even in collateral relief cases.
An appreciation of the burdens on trial judges and lawyers requires that we explain how we have come to make this retroactive application of Williams. A question of retroactive application can arise in two different settings in criminal cases: (1) those cases involving direct appeal of convictions not yet final, and (2) those cases involving collateral attack of convictions already final. As to direct appeal cases, the rule is found in Smith v. State, 598 So.2d 1063 (Fla. 1992), which holds that:
"[a]ny decision of this [Supreme] Court announcing a new rule of law, or merely applying an established rule of law to a new or different factual situation, must be given retrospective application by the courts of this state in every case pending on direct review or not yet final."
598 So.2d at 1066. Smith now accords with the United States Supreme Court's holding as to the effect of its decisions announcing new rules of law on all cases of direct review. See Harper v. Virginia Department of Taxation, ___ U.S. ___, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993).[1]
As to collateral attacks on final convictions, the Florida rule is found in Witt v. State, 387 So.2d 922 (Fla.), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). There the court held that only major constitutional changes of a fundamental kind, made by either the United States Supreme Court or the Florida Supreme Court, are cognizable in collateral relief cases. As the court noted in Smith, new decisions have been occasionally accorded retroactive application in collateral attacks. See, e.g., Bass v. State, 530 So.2d 282 (Fla. 1988).
The federal rule for collateral relief cases is set forth in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). In Teague, the Court held that new constitutional rules in criminal cases should not be applied retroactively to cases on collateral review unless the new rule places "certain *622 kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," or where the new rule requires the observance of "those procedures that * * * are implicit in the concept of ordered liberty." Teague, 489 U.S. at 299-310, 109 S.Ct. at 1069-75. At the same time, the Court held that habeas corpus "cannot be used as a vehicle to create new constitutional rules of criminal procedure unless those rules would be applied retroactively to all defendants on collateral review through one of the two exceptions we have articulated." [e.o.] 489 U.S. at 316, 109 S.Ct. at 1078. In short, when the Court announces a new rule of criminal procedure in a collateral proceeding (by definition, habeas corpus), the new rule now applies by its very nature to all collateral review cases.
In this case, we deal with the issue whether to apply the holding in Williams, which originated in our decision in Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA), rev. denied, 599 So.2d 1280 (Fla. 1992), to cases on post conviction relief under rule 3.850. As this is a case of post conviction relief, and we are clearly reversing and discharging the defendant under Williams, which adopted our Kelly holding, it might be insufficient to justify retroactivity solely on the basis of Teague. We therefore also do so under state decisions.
The Williams holding fits logically within the rule of Witt (and, for that matter, Teague as well). Williams holds that the police manufacture of a highly addictive and death-causing substance, which police later sold near a local high school  some of which was later lost and not returned to the police  is governmental conduct so outrageous as to violate the due process clause. The Williams court concluded that the due process rights of defendants so ensnared require:
"that the courts refuse to invoke the judicial process to obtain a conviction where the facts of the case show that the methods used by law enforcement officials cannot be countenanced with a sense of justice and fairness."
623 So.2d at 467.
We cannot imagine a constitutional holding more fundamental or major; we cannot describe a rule more implicit in the concept of ordered liberty than the condemnation contained in Williams. We thus have no difficulty extending the Williams holding to cases on collateral review. Surely it should at least apply to those cases  as here  involving the very same batch of offending substance (crack cocaine) at issue in the Williams and Kelly cases.
REVERSED AND REMANDED WITH DIRECTIONS.
GLICKSTEIN and POLEN, JJ., concur.
NOTES
[1] As Justice Scalia explained in his concurring opinion in Harper, "[T]he true traditional view is that prospective decision-making is quite incompatible with the judicial power, and that the courts have no authority to engage in the practice." [e.o.] Harper v. Virginia Department of Taxation, ___ U.S. at ___, 113 S.Ct. at 2522 (Scalia, J., concurring).