624 So.2d 381 (1993)
Archie SHANKS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2217.
District Court of Appeal of Florida, Fourth District.
September 22, 1993.
*382 Richard L. Jorandby, Public Defender, and Mallorye G. Cunningham, Asst. Public Defender, West Palm Beach, for appellant.
Robert C. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We withdraw our mandate in this case, reverse the order denying post-conviction relief, and remand to the trial court to vacate appellant's conviction and sentence for purchase of cocaine.
Appellant brought a post-conviction relief motion pursuant to Florida Rule of Criminal Procedure 3.850 asserting that his conviction and sentence were obtained through the use of illegally manufactured crack cocaine in violation of Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA 1992). The motion was denied and we affirmed because appellant had pled guilty to the charge and therefore was precluded from challenging his conviction by collateral attack. See Shanks v. State, 616 So.2d 1195 (Fla. 4th DCA 1993). Subsequently, the supreme court decided State v. Williams, 623 So.2d 462, 467, (Fla. 1993), holding that the use of illegally manufactured crack cocaine in a reverse sting operation constituted a due process violation which required:
that the courts refuse to invoke the judicial process to obtain a conviction where the facts of the case show that the methods used by law enforcement officials cannot be countenanced with a sense of justice and fairness.
The effect of the decision was to bar further prosecution of Williams. The same results must obtain here.
We have recently held that Williams must be applied retroactively in collateral relief proceedings. See Phillips v. State, 623 So.2d 621 (Fla. 4th DCA 1993). Williams holds that the government conduct was illegal and required dismissal of the charges. We also have previously held that a Kelly violation is a fundamental deprivation of constitutional rights. Grissett v. State, 594 So.2d 321 (Fla. 4th DCA 1992). Williams in effect held that this conduct of the police was such that prosecution will be barred. Consequently, we hold that this issue may be raised by way of post-conviction relief despite the guilty plea. See State v. Johnson, 483 So.2d 420 (Fla. 1986).
We therefore reverse, remand, and order the discharge of the appellant.
ANSTEAD, HERSEY and WARNER, JJ., concur.