PER CURIAM.
The pro se appellant raises a number of issues, one of which requires discussion and our remand for resentencing. We affirm, without discussion, the revocation of appellant’s probation.
The trial court sentenced appellant to nine years’ imprisonment. Appellant’s guidelines scoresheet reflected a recommended sentence of five and one-half to seven years and a permitted sentence of four and one-half to nine years. As the state concedes, the permitted guidelines ranges, effective July 1, 1988, cannot be applied to a defendant who committed his crimes prior to that date. Snyder v. State, 615 So.2d 231 (Fla. 1st DCA 1993). Despite this, the state argues that appellant’s sentence should be affirmed because the trial court may impose any sentence it originally might have imposed plus a one-cell bump up. See Fla.R.Crim.P. 3.701(d)(14); Williams v. State, 594 So.2d 273 (Fla.1992). While the state is correct as to the trial court’s authority to impose a one-cell bump up, our review of the record does not support the state’s claim that the trial court intended to impose the maximum sentence possible. Accordingly, we remand to give the trial court the opportunity to express its intent clearly.
GLICKSTEIN, POLEN and FARMER, JJ., concur.