GUNTHER, Judge.
Appellant, Mike Dwayne Campbell, defendant below (Defendant), appeals the denial of his motion to vacate his conviction and sentence for purchasing cocaine and appeals the denial of his motion to withdraw his plea for grand theft. We reverse.
In December 1991, Defendant pled guilty to purchasing cocaine and was sentenced to three years probation. Subsequently, in January 1993, Defendant pled guilty to grand theft and admitted to violating his probation for the cocaine offense. At sentencing, Defendant and the state agreed that Defendant would receive a sentence within the recommended range of the sentencing guidelines. The trial court then sentenced Defendant to four years in prison for each offense, the sentences to run concurrently. Thereafter, in September 1993, Defendant moved to vacate his judgment and sentence for purchasing cocaine on the grounds that the cocaine Defendant purchased was illegally manufactured by the Broward County Sheriffs Office. Defendant also moved to withdraw his guilty plea for grand theft. The trial court, however, denied Defendant’s motions.
The supreme court and this court have both held that a prosecution for cocaine illegally manufactured is a denial of due process. State v. Williams, 623 So.2d 462 (Fla.1993); Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA), rev. denied, 599 So.2d 1280 (Fla.1992). The supreme court’s holding in Williams fundamentally changed the law and must be applied retroactively to vacate convictions and sentences in collateral relief proceedings. Phillips v. State, 623 So.2d 621 (Fla. 4th DCA 1993). Furthermore, Williams must be applied retroactively even when a defendant originally pled guilty when prosecuted. Shanks v. State, 624 So.2d 381, 382 (Fla. 4th DCA 1993).
Because the cocaine involved in the instant case was illegally manufactured, Defendant’s conviction for purchasing cocaine must be vacated. With his conviction for purchasing cocaine vacated, Defendant’s plea agreement for grand theft must be set aside because the number of points scored was necessarily affected by Defendant’s status as a probationer. Defendant scored seventy-six points for the grand theft offense on his sentencing guidelines form, including six points for his status as a probationer. This placed him in a sentencing cell in which the recommended range was 3½ to 4½ years imprisonment. Without the six points for his status as a probationer, Defendant would be in a lower cell in which the recommended range is only 2½ to 3½ years imprisonment. As such, Defendant’s four year imprisonment sentence for grand theft no longer falls within the recommended sentencing guideline range as promised by the state.
Accordingly, we reverse and remand with directions to the trial court to vacate Defendant’s conviction for purchasing cocaine and to afford Defendant the opportunity to withdraw his guilty plea for grand theft.
REVERSED AND REMANDED.
FARMER, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.