PER CURIAM.
John Dale Shaffer (Appellant) appeals the order summarily denying his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, and the order again summarily denying his motion after he filed a motion for rehearing. We reverse and remand.
In L.T. Case No. 88-5195, Appellant pled guilty to purchasing cocaine within 1000 feet of a school and on March 22, 1991, he was sentenced to four years in state prison. The State’s response to this court’s order to show cause indicates that he was released from prison on that conviction on October 8,1991.
On March 13, 2000, Appellant filed a petition for writ of error coram nobis seeking to vacate the judgment, claiming that he purchased the cocaine from an undercover detective working with the Broward County Sheriffs Office drug task force, which was involved in the illegal manufacture of crack cocaine used in reverse sting operations, and that, consequently, his conviction violated the principles of State v. Williams, 623 So.2d 462 (Fla.1993)(holding that illegal manufacture of crack cocaine by law enforcement officials for use in reverse sting operation within 1000 feet of school constituted governmental misconduct in violation of Florida Constitution’s due process clause; approving district court’s decision reversing conviction). In Phillips v. State, 623 So.2d 621, 622 (Fla. 4th DCA 1993), this court reversed an order denying relief under rule 3.850 and remanded with instructions to discharge the defendant based on Williams, announcing that Williams could be applied retroactively.
The State argued below that, as Phillips became final on September 23, 1993, the two-year period for filing a motion for postconviction relief based on Williams ran on September 23, 1995, see Dixon v. State, 730 So.2d 265 (Fla.1999), and thus the motion was untimely. The motion was summarily denied based on the State’s response, even though Appellant filed a reply arguing that his motion was timely filed within the two-year time limit provided in Wood v. State, 750 So.2d 592, 595 (Fla.l999)(giving all defendants adjudicat *423 ed prior to Wood two years from the filing-date of that opinion, which was issued on May 27, 1999, in which to file claims traditionally cognizable under coram nobis).
In response to this court’s order to show cause, the State argues that the motion was properly denied as untimely because, although Appellant was no longer in custody on the challenged conviction when Williams and Phillips issued, he was thereafter in state prison on sentences imposed in other cases from October 17, 1994, to May 22, 1995, and again from November 25, 1998, to the present. The State asserts that Appellant could have raised the instant challenge in a rule 3.850 motion filed while he was serving one of the subsequent sentences.
We rejected the same argument in Smith v. State, 784 So.2d 460 (Fla. 4th DCA 2000), reh’g denied. Accordingly, we reverse and remand for the trial court to consider the motion on its merits.[1]
FARMER, STEVENSON and TAYLOR, JJ., concur.

. We decline to consider at this time the State’s assertion, in response to this court’s order to show cause, that the motion was insufficient in not specifically alleging that the cocaine which Appellant was sold was indeed manufactured by the Broward County Sheriff’s Office.