561 So.2d 1321 (1990)
STATE of Florida, Appellant,
v.
Raymond Keith JOHNSON, Appellee.
No. 89-1678.
District Court of Appeal of Florida, Fourth District.
May 30, 1990.
*1322 Robert A. Butterworth, Atty. Gen., Tallahassee, and Lynn Waxman, Asst. Atty. Gen., West Palm Beach, for appellant.
Hilliard Moldof of Whitelock & Moldof, Fort Lauderdale, for appellee.
POLEN, Judge.
The state timely seeks review of the trial court's order dismissing an information charging criminal solicitation to deliver cocaine, in this reverse sting operation. We reverse.
The facts are undisputed. On July 29, 1988, Broward sheriff's office deputies Wright and Clark were working undercover in a reverse sting operation in which they acted as purported drug sellers. They set up on a street corner attempting to sell cocaine rocks. Appellee and codefendant Kilbe approached Wright and Clark, displayed money and asked for a cocaine rock. Appellee was charged with count I, criminal solicitation, and count II, attempted purchase. The trial court agreed with appellee's reasoning that because section 893.13, Florida Statutes (1987), precludes a police officer, acting in his official capacity, from being prosecuted for the crime of delivery, there was no crime committed by the detectives in the delivery of the cocaine. Therefore, the solicitation to commit that act could not be a crime. The trial court dismissed count I, solicitation, and stayed the case pending the state's appeal. The trial court's interpretation involving legal impossibility would preclude prosecution for criminal solicitation in reverse sting operations. We disagree.
The crime of solicitation is completed when the actor with intent to do so has enticed or encouraged another to commit a crime; the crime need not be completed. See State v. Waskin, 481 So.2d 492 (Fla. 3d DCA 1985), rev. denied, 488 So.2d 69 (Fla. 1986). Cf. State v. Gaines, 431 So.2d 736 (Fla. 4th DCA 1983). Appellee approached the undercover officers requesting the delivery of cocaine rock, aware that delivery of narcotics was a crime and unaware that they were undercover officers, immune from criminal prosecution for the crime requested. The crime of solicitation focuses on the culpability of the solicitor. It is irrelevant that the other cannot or will not follow through. Here, the solicitation was to commit the crime of delivery of narcotics. The officers' immunity from prosecution for the crime of delivery of narcotics serves as a defense to the crime; it does not decriminalize the act. Appellee's actions were sufficient to support a charge of solicitation. That crime was completed prior to the crime of delivery. The trial court erred in dismissing the charge.
We do not accept appellee's argument that the solicitation situation is analogous to conspiracy. Where one of two persons conspiring to do an illegal act is a police officer acting in discharge of his duty, the other person, although possessing the requisite intent to conspire, cannot be convicted of conspiracy. See King v. State, 104 So.2d 730 (Fla. 1958); Beasley v. State, 360 So.2d 1275 (Fla. 4th DCA 1978). Conspiracy requires two parties agreeing and acting together, with each being a necessary party to the act. Therefore, one could not be found to have conspired without *1323 the other also being found to have conspired. The defendants cannot be split; one criminal and one meritorious. King, 104 So.2d at 733. If one was a police officer who could not violate the law by his actions, then the other person could be the only one charged and since it takes at least two parties to have a conspiracy, none would exist. The distinction is that solicitation is completed by one party asking another. No agreement or action is required by the second party.
We also find no merit in appellee's contention that he could not be charged with both solicitation and attempt based on a double jeopardy argument. Attempt and solicitation are different crimes. The gist of solicitation is enticement, whereas attempt requires intent to commit a specific crime, an overt act in furtherance of such and failure to consummate the same. The overt act differentiates the two. See State v. Waskin, 481 So.2d 492, 494 (Fla. 3d DCA 1985), rev. denied, 488 So.2d 69 (Fla. 1986); Hutchinson v. State, 315 So.2d 546 (Fla. 2d DCA 1975). Therefore, the state could properly bring charges against appellee for both crimes. We reverse and remand for proceedings consistent with this opinion.
HERSEY, C.J., and GUNTHER, J., concur.