588 So.2d 57 (1991)
Jay Nelson LOCKWOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3366.
District Court of Appeal of Florida, Fourth District.
October 30, 1991.
Michael J. Kessler of Kessler & Whitton, P.A., Fort Pierce, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was convicted of violating section 827.071, Florida Statutes (1989), which prohibits the possession of a motion picture that includes a sexual performance by a child, based upon his possession of a videotape seized by police during the execution of a search warrant of his business. Appellant contends that the trial court erred in denying his motion to suppress, in improperly instructing the jury regarding the statute involved, and in failing to grant his motion for judgment of acquittal.
While searching appellant's business premises, the police discovered some videotapes, which, upon viewing, they found to depict a sixteen-year-old girl (who was apparently unaware of the filming) undressing, showering, toweling herself dry, and performing other acts of feminine hygiene and donning clothing. Prior to *58 trial, defendant moved to suppress said tapes since they were not particularly described in the search warrant. We hold the direction of the warrant was sufficiently broad to cover the seizure of the tapes as possible evidence of crime. The video surveillance equipment contained on the premises had the ability to record illegal activity in the pool hall and might well have captured drug transactions occurring thereon. Furthermore, upon viewing, they were subject to the "plain view doctrine."
Appellant next objects to the trial court's instruction on sexual conduct as required by the statute involved herein and to various other requested instructions. However, none of these alleged errors were preserved by adequate objection.
Finally, appellant contends the court should have granted his motion for a judgment of acquittal because the evidence adduced did not meet the statutory requirements. Section 827.071(5), Florida Statutes (1989) provides:
(5) It is unlawful for any person to knowingly possess any photograph, motion picture, exhibition, show, representation, or other presentation which, in whole or in part, he knows to include any sexual conduct by a child.
Subsection (1)(g) of said statute further provides:
(g) "Sexual conduct" means actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed.
The issue presented for our determination is whether the tape contained a presentation that defendant knew included sexual conduct by a child. The record reflects that the tape does not show a presentation of sexual conduct as defined by the statute. The presentation shows, rather, the innocent, normal everyday occurrence of a female child undressing, showering, performing acts of female hygiene and donning her clothes, none of which meets any of the detailed sexual acts contained in the statute. It thus appears that the motion for judgment of acquittal should have been granted.
The conviction and sentence are accordingly reversed and the case is remanded with directions to discharge appellant.
DOWNEY, LETTS and WARNER, JJ., concur.