614 So.2d 548 (1993)
Barbara METCALF, Appellant,
v.
STATE of Florida, Appellee.
No. 92-0885.
District Court of Appeal of Florida, Fourth District.
January 27, 1993.
Rehearing, Rehearing and Certification Denied March 16, 1993.
*549 Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
Rehearing, Rehearing En Banc and Certification Denied March 16, 1993.
STONE, Judge.
The issue is whether a defendant, who otherwise would be discharged if prosecuted for the purchase of cocaine, pursuant to Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA), rev. denied, 599 So.2d 1280 (Fla. 1992), may nevertheless be convicted of solicitation to deliver cocaine. The deputy arrested the Defendant in a "reverse sting" in which the only drug involved was crack cocaine unlawfully manufactured by the sheriff's lab, a circumstance which this Court has determined is a due process violation. Kelly. The trial court denied Appellant's motion to dismiss. We affirm.
Section 777.04(2), Florida Statutes, provides:
Whoever solicits another to commit an offense prohibited by law and in the course of such solicitation commands, encourages, hires or requests another person to engage in specific conduct which would constitute such offense or an attempt to commit such offense commits the offense of criminal solicitation.
The Appellant contends that the State may not prosecute her on the related charge, when she could not be charged with the purchase, within 1000 feet of a school, which ultimately occurred following the "solicitation." She asserts that to hold otherwise is to effectively condone unlawfully "ensnaring" the purchaser where the sheriff's intent is to complete a delivery proscribed by Kelly. The Appellant does not dispute that, but for the source of the drug, the solicitation charge is otherwise valid.
In Kelly, the purchase of the crack was an essential element of the charged offense. Here, however, the State need not prove a completed purchase, nor even that the undercover "seller" possessed drugs, in order to convict the potential buyer of solicitation. E.g., State v. Johnson, 561 So.2d 1321 (Fla. 4th DCA 1990); State v. Milbro, 586 So.2d 1303 (Fla. 2d DCA 1991). The crime of solicitation is completed prior to any purchase or delivery. All of the elements of a solicitation are present when the defendant entices or encourages the other party to commit the crime. Johnson; Milbro. In Johnson, this Court stated:
The crime of solicitation is completed when the actor with intent to do so has enticed or encouraged another to commit a crime; the crime need not be completed.
* * * * * *
The crime of solicitation focuses on the culpability of the solicitor. It is irrelevant that the other cannot or will not follow through.
It is irrelevant that the transaction ultimately resulted in an unlawful transfer of a drug. We note by analogy that the supreme court has recognized that outrageous police misconduct constituting a due process violation ensnaring one defendant, *550 does not entitle a codefendant, who had no direct contact with the police informant involved, to a discharge as well. State v. Hunter, 586 So.2d 319 (Fla. 1991). It has also been determined with respect to charges involving attempts, that where a substance is not itself an essential element of the crime, it does not matter whether the substance used is introduced, or is even real. See Tibbetts v. State, 583 So.2d 809 (Fla. 4th DCA 1991). See also Louissaint v. State, 576 So.2d 316 (Fla. 5th DCA 1990); State v. Cohen, 409 So.2d 64 (Fla. 1st DCA 1982).
We conclude that the limited relationship between the drugs in the deputy's possession and the elements of this offense is not sufficient to violate Appellant's due process rights.
WARNER, J., concurs.
FARMER, J., concurs specially with opinion.
FARMER, Judge, specially concurring.
I concur in the essential rationale and result of Judge Stone's opinion. I stress that I do so only because the defendant has not, as observed by Judge Stone, made any challenge to the application of the solicitation statute, section 777.04(2), Florida Statutes (1991), to the facts of this case. Her sole contention on appeal is that the crack cocaine sought to be sold by the sheriff in this undercover sting operation was manufactured by the sheriff in his own lab, a practice which we condemned in Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA 1992), rev. denied, 599 So.2d 1280 (Fla. 1992) as a violation of constitutional due process.