HERSEY, Judge.
James Tisby appeals his conviction for attempted purchase of cocaine within 1000 feet of a school. The evidence indicates that the drugs used in the reverse sting operation which ensnared Tisby were a form of crack cocaine that had been converted from cocaine powder by the Bro-ward County Sheriff’s Department. Tisby seeks reversal on the authority of Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA), rev. denied, 599 So.2d 1280 (Fla.1992), and Grissett v. State, 594 So.2d 321 (Fla. 4th DCA), dismissed, 599 So.2d 1280 (Fla.1992).
In Kelly we determined that law enforcement personnel were not statutorily authorized to “manufacture” drugs to be used in a reverse sting operation. 593 So.2d at 1062. We characterized the process of doing so as “illegal.” Id.
The subsequent case of Metcalf v. State, 614 So.2d 548, 549-50 (Fla. 4th DCA 1993), involved a conviction for solicitation to deliver cocaine. We distinguished Kelly and affirmed the conviction, explaining inter alia:
It is irrelevant that the transaction ultimately resulted in an unlawful transfer of a drug. We note by analogy that the supreme court has recognized that outrageous police misconduct constituting a due process violation ensnaring one defendant, does not entitle a codefendant, who had no direct contact with the police informant involved, to a discharge as well. State v. Hunter, 586 So.2d 319 (Fla. 1991). It has also been determined with respect to charges involving attempts, that where a substance is not itself an essential element of the crime, it does not matter whether the substance used is introduced, or is even real. See Tibbetts v. State, 583 So.2d 809 (Fla. 4th *587 DCA 1991). See also Louissaint v. State, 576 So.2d 316 (Fla. 5th DCA 1990); State v. Cohen, 409 So.2d 64 (Fla. 1st DCA 1982.)
As in Metcalf we conclude that the nature and source of the substance attempted to be purchased is not relevant or material to the issue of whether appellant’s due process rights have been violated.
AFFIRMED.
DELL, J., concurs.
LETTS, J., dissents without opinion.