PER CURIAM.
In Metcalf v. State, 614 So.2d 548, (Fla. 4th DCA 1993), this court affirmed the trial court’s denial of the defendant’s motion to dismiss, which was based on grounds substantially the same as were argued below. In both cases, the defendants were charged with solicitation to purchase cocaine within 1000 feet of a school. In both cases, the defendants could have been charged with possession of cocaine, but because the crack rocks used in these reverse sting sales were manufactured by the sheriff of Broward County, our decision in Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA 1992), would mandate dismissal of such charges. Instead, the state charged these defendants with solicitation, and argued that because solicitation does not require that any controlled substance actually exchange hands, or even that the “seller” possess any drugs, the source of the cocaine rocks is irrelevant. We agree and reverse.
While the trial court below understandably believed that Kelly mandated dismissal of charges even for solicitation, we find this case distinguishable from Kelly. We adopt the rationale and analysis of the Met-calf opinion, and reverse the order dismissing the information against appellees. We remand for further proceedings.
ANSTEAD and POLEN, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.