PER CURIAM.
Defendant was charged by information with solicitation to deliver cocaine and moved to dismiss on the ground that the cocaine was manufactured by a law enforcement agency. The trial court granted the motion to dismiss based on Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA), rev. denied, 599 So.2d 1280 (Fla. 1992). In Kelly we held that a defendant charged with the purchase of manufactured crack has been denied due process.
Subsequent to Kelly (and the entry of the order before us) we held, in Metcalf v. State, 614 So.2d 548 (Fla. 4th DCA 1993), that the charge of solicitation to purchase manufactured crack was distinguishable from the charge of purchase, because all of the elements of solicitation were present prior to any purchase or delivery of the tainted drug. Since this charge is solicitation, we reverse the order granting the motion to dismiss on the authority of Metcalf.
After Metcalf, in State v. Williams, 623 So.2d 462 (Fla.1993), the Florida Supreme Court considered the following question of great public importance:
Whether the manufacture of crack cocaine by law enforcement officials for use in a reverse-sting operation constitutes governmental misconduct which violates the due process clause of the Florida Constitution?
The court answered the question in the affirmative. In light of that opinion we certify the following question as one of great public importance:
Whether the manufacture of crack cocaine by law enforcement officials for use in a reverse-sting operation constitutes governmental misconduct which violates the due process clause of the Florida Constitution, where the charge is solicitation to purchase, i.e. whether Metcalf v. State, 614 So.2d 548 (Fla. 4th DCA 1993), is correct?
Reversed.
GUNTHER, POLEN and KLEIN, JJ., concur.