635 So.2d 11 (1994)
Barbara METCALF, Petitioner,
v.
STATE of Florida, Respondent.
No. 81612.
Supreme Court of Florida.
April 7, 1994.
*12 Richard L. Jorandby, Public Defender and Louis G. Carres, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Joan Fowler, Sr. Asst. Atty. Gen. and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for respondent.
HARDING, Justice.
We have for review Metcalf v. State, 614 So.2d 548 (Fla. 4th DCA 1993), in which the district court construed article I, section 9 of the Florida Constitution. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
We hold that Barbara Metcalf's conviction of solicitation to deliver cocaine violated her due process rights because police used illegally manufactured drugs in their reverse-sting operation. Therefore, we quash the district court opinion and reverse Metcalf's conviction.
Metcalf was arrested and initially charged with purchasing cocaine within 1000 feet of a school on December 20, 1991. The only drug involved was crack cocaine that the sheriff's lab manufactured unlawfully. The State refiled Metcalf's case and charged her with solicitation after the district court's decision in Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA), review denied, 599 So.2d 1280 (Fla. 1992). In Kelly the court found a due process violation when a defendant was convicted of purchasing cocaine that police manufactured into crack for use in a reverse-sting operation. Id. at 1061. Metcalf was convicted of solicitation.
On appeal, the district court affirmed Metcalf's conviction. Metcalf, 614 So.2d at 549. The court noted that the crime of solicitation is complete before any purchase or delivery. Id. It found that "the limited relationship between the drugs in the deputy's possession and the elements of this offense is not sufficient to violate [Metcalf's] due process rights." Id. at 550.
This Court subsequently decided in State v. Williams, 623 So.2d 462, 463 (Fla. 1993), that the illegal manufacture of crack cocaine by law enforcement officials for use in a reverse-sting operation within 1000 feet of a school constitutes governmental misconduct that violates the due process clause of the Florida Constitution. The Court reversed the defendant's conviction for purchasing the illegally manufactured crack.
The issue now before this Court is whether a due-process violation occurs when the State prosecutes for solicitation to purchase governmentally manufactured crack cocaine that sheriff's officers used in a reverse-sting operation. Relying on Williams, we hold that Metcalf's conviction violates due process.
We noted in Williams that the due process clause provides "a defense to overturn criminal convictions as a check against outrageous police conduct." 623 So.2d at 465 (citations omitted). The State argues that the crime of solicitation is complete when a defendant with intent to do so entices or encourages another to commit a crime  even though the crime is not completed. Thus, the State contends, it makes no difference how  or even if  police had crack cocaine in their reverse-sting operation when a defendant is charged with solicitation. The State's arguments notwithstanding, we reject the invitation to limit Williams.
We answered this question in Williams:
Whether the manufacture of crack cocaine by law enforcement officials for use in a reverse-sting operation constitutes governmental misconduct which violates the due process clause of the Florida Constitution.
623 So.2d at 463. We held that:
[T]he illegal manufacture of crack cocaine by law enforcement officials for use in a reverse-sting operation within one thousand *13 feet of a school constitutes governmental misconduct which violates the due process clause of the Florida Constitution.
Id. Although the defendant in Williams was convicted of purchasing cocaine, the Court's holding is not limiting to buying illegally manufactured drugs. It is law enforcement's illegal manufacture of crack cocaine for use in a reverse-sting operation that violates due process  and not just the purchase of that cocaine. As we said in Williams, "[t]he illegal manufacture of crack cocaine by law enforcement officials violates this Court's sense of fairness and justice." Id. at 467.
Accordingly, we quash the decision of the district court and direct reversal of Metcalf's conviction for solicitation.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
McDONALD, J., dissents.