PER CURIAM.
We review State v. Hunter, 623 So.2d 632 (Fla. 4th DCA 1993). The district court certified this question as one of great public importance:
WHETHER THE MANUFACTURE OF CRACK COCAINE BY LAW ENFORCEMENT OFFICIALS FOR USE IN A REVERSE-STING OPERATION CONSTITUTES GOVERNMENTAL MISCONDUCT WHICH VIOLATES THE DUE PROCESS CLAUSE OF THE FLORIDA CONSTITUTION, WHERE THE CHARGE IS SOLICITATION TO PURCHASE, I.E., WHETHER MET-CALF V. STATE, 614 S0.2D 648 (FLA. 4TH DCA 1993), IS CORRECT?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We recently resolved this issue in Metcalf v. State, 635 So.2d 11 (Fla.1994), where we found a due process violation when police used illegally manufactured drugs in a reverse-sting operation. On authority of Met-calf we quash the decision under review. We answer the first part of the certified question in the affirmative. We answer the second part — whether Metcalf v. State, 614 So.2d 548 (Fla. 4th DCA 1993), is correct — in the negative.
Given our resolution of the certified question, we decline to address the second issue Hunter raises.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN and HARDING, JJ., concur.
MeDONALD, Senior Justice, dissents.