POLEN, Judge.
Curt Allman appeals a conviction for violation of probation. He was placed on probation as a result of his conviction resulting from a guilty plea to the charge of solicitation to deliver cocaine. The charge of solicitation arose out of a reverse sting operation in which the appellant, Allman, was initially arrested for the purchase of cocaine, where the drugs were reconstituted cocaine that had been made into cocaine rocks by the Broward County Sheriffs Office laboratory. We reverse.
Although Allman was originally sentenced to probation, from which he did not appeal, violation of that probation resulted in the conviction and sentence from which he now appeals. Upon violation of his original sentence of probation, Allman raised, for the first time, a motion to dismiss the underlying charge to which he had already pled guilty and accepted the benefits of probation.
In Kelly v. State, 593 So.2d 1060 (Fla. 4th DCA), rev. denied, 599 So.2d 1280 (1992), we held that the reconstruction and use, by the police, of powdered cocaine into “crack” rocks infringed on the appellant’s right to due process of law. See also State v. Williams, 623 So.2d 462 (Fla.1993). At his motion to dismiss, Allman raised Kelly for the first time. In denying Allman’s motion to dismiss, the trial court relied upon this court’s decision in Metcalf v. State, 614 So.2d 548 (Fla. 4th DCA 1993), rev’d, 635 So.2d 11 (1994), wherein we held that a defendant who otherwise would be discharged if prosecuted for the purchase of cocaine, pursuant to Kelly, may nevertheless be convicted of solicitation to deliver cocaine.
However, subsequent to the filing of briefs in this appeal, the Florida Supreme Court has reversed Metcalf. See Metcalf, 635 So.2d 11 (Fla.1994) (holding that “it is the law enforcement’s illegal manufacture of crack cocaine for use in a reverse-sting operation that violates due process — and not just the purchase of that cocaine”).
At bar, it is undisputed that, unlike Kelly and Williams, the appellant, Allman, pled guilty to the crime charged. Thus, the state argues that Allman was aware of, and waived, the defense that police-manufactured crack cocaine violates due process. But see Shanks v. State, 624 So.2d 381 (Fla. 4th DCA 1993), wherein this court held that a conviction and sentence on a drug charge that was obtained through the use of illegally manufactured crack cocaine in a reverse sting operation could be raised by way of postcon-viction motion, despite movant’s guilty plea. See also Phillips v. State, 623 So.2d 621 (Fla. 4th DCA 1993), wherein we held that the rule in Williams (that police manufacture and sale of crack cocaine in reverse sting operation was governmental conduct so outrageous as to violate due process) may be applied retroactively to collateral relief cases.
At bar, the illegal police activity of manufacturing crack cocaine, leading to Allman’s arrest, invalidates the arrest which, in turn, invalidates Allman’s guilty plea. Therefore, even though Allman can be said to have accepted the “benefit of his bargain” by pleading guilty and accepting probation, since the solicitation charge involved a denial of due process, the original conviction and sentence were illegal. Thus, we reverse with instructions to discharge Allman as to this offense.
WARNER and PARIENTE, JJ., concur.