PER CURIAM.
Appellant Horace Thomas filed a timely postconviction motion alleging that his plea of no contest to burglary of a dwelling was involuntary. The trial court denied the motion on the ground that he was es-topped from challenging his conviction after he had accepted the benefits of a probationary sentence and had violated the terms of probation.
The law is clear that a defendant cannot challenge the legality of a probationary term after he has violated the conditions of probation. See, e.g., Brown v. State, 659 So.2d 1260, 1261 (Fla. 4th DCA 1995). However, Thomas is not attacking his probationary sentence; he is challenging the legality of his conviction based on an allegedly involuntary plea. The acceptance and subsequent violation of probation does not prevent a defendant from seeking postcon-viction relief from his conviction. See Allman v. State, 642 So.2d 1203 (Fla. 4th DCA 1994)(reversing the denial of a motion to dismiss the underlying charge, *469 which was filed in probation revocation proceedings).
The State conceded below that if his claim was not procedurally barred, Thomas would be entitled to an evidentiary hearing on his allegations. Accordingly, we reverse the order summarily denying Thomas’ motion and remand for evidentia-ry hearing.
DELL, STONE and STEVENSON, JJ„ concur.