784 So.2d 1164 (2001)
STATE of Florida, Appellant,
v.
Earl Douglas TAYLOR, Appellee.
No. 2D00-2296.
District Court of Appeal of Florida, Second District.
March 23, 2001.
Rehearing Denied May 9, 2001.
*1166 Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
Daniel L. Castillo, Tampa, for Appellee.
CASANUEVA, Judge.
This appeal presents a trio of issues. First, the State has appealed an order dismissing a count of trafficking in cocaine. We conclude that the law enforcement conduct in this case did not constitute a violation of the Florida Constitution's due process right and reverse. Second, Mr. Taylor has cross-appealed, asserting that the multiple prosecutions in this case violate constitutional prohibitions against double jeopardy. We disagree. Finally, Mr. Taylor has appealed the denial of his motion to suppress, but this court lacks jurisdiction under Florida Rule of Appellate Procedure 9.140(b) to consider that cross-appeal. Thus, we dismiss that aspect of the cross-appeal as premature.
This case involves Mr. Taylor's arrest for three separate transactions for the sale of cocaine. On September 22, 1998, an undercover law enforcement officer, in the company of a confidential informer, purchased cocaine from Mr. Taylor at his residence. A second purchase at the same location occurred on September 29, 1998, with both the officer and informer again present. Following that purchase, the officer applied for and obtained a search warrant for the premises on October 8, 1998. On that date, the officer again went to Mr. Taylor's residence, but instead of executing the warrant he made a third purchase of cocaine. That purchase, as well as the second, was in a trafficking amount. The search warrant was then executed on the following day. At the time of each transaction, the officer observed a large quantity of cocaine in plain view at Mr. Taylor's residence.
After careful consideration, the circuit court denied the motion to dismiss the counts relating to the first two transactions but granted the motion as to the third sale, on October 8, 1998. In doing so the court concluded that the third purchase added nothing from an evidentiary purpose and constituted a violation of due process under the Florida Constitution.
On appeal, this court will not reverse a trial court's findings of fact where they are supported by competent, substantial evidence. See Williams v. State, 769 So.2d 404, 406 (Fla. 2d DCA 2000). Accordingly, the court's conclusion that the officer actually possessed the search warrant on October 8th, when he made a purchase but no arrest, must stand. As to the legal conclusion that the officer acted *1167 unlawfully, however, we apply a de novo standard of review.
If the actions of a law enforcement officer amount to a denial of a defendant's right to due process, dismissal of the charges may be warranted. In State v. Williams, 623 So.2d 462, 465 (Fla.1993), the Florida Supreme Court held that the illegal manufacture of crack cocaine for use in reverse-sting operations constituted governmental misconduct contrary to the due process clause of the Florida Constitution. The rule applies regardless of the defendant's predisposition and serves to check outrageous police conduct. This rule is narrowly applied and is limited to those instances where the government's conduct so offends decency or a sense of justice that the judicial power may not be exercised to obtain a conviction. See Rochin v. California, 342 U.S. 165, 173, 72 S.Ct. 205, 96 L.Ed. 183 (1952); Malinski v. New York, 324 U.S. 401, 416-417, 65 S.Ct. 781, 89 L.Ed. 1029 (1945).
The case law in this area can help define the parameters of the judicial power. In State v. Glosson, 462 So.2d 1082 (Fla.1985), the Florida Supreme Court held that the state constitution's due process clause forbade criminal prosecutions where state witnesses had a financial stake, such as a contingency fee, in criminal convictions. More recently, the Fourth District concluded that an undercover agent's consignment arrangement for "the sale of drugs represents governmental conduct which this court cannot condone." Soohoo v. State, 737 So.2d 1108, 1111 (Fla. 4th DCA 1999).
Here, Mr. Taylor contends that because the officer failed to execute the warrant and arrest him on October 8th, the officer created the situation for the sale to occur. We disagree. The record is clear that the drugs were located at Mr. Taylor's residence and, in contrast to the situation in the cited cases, law enforcement officers did not manufacture, deliver, or participate in the sale of the illegal drugs. The record is likewise clear that Mr. Taylor voluntarily engaged in the criminal conduct of selling illegal drugs. Even under Mr. Taylor's hypothesisthat he should have been arrested on October 8th to prevent more criminal prosecutions he could have posted bail, been released, and participated in another transaction. Furthermore, section 933.05, Florida Statutes (1999), requires that an executed warrant be returned within ten days of issuance. This provision suggests that police officers normally have some temporal leeway in making their cases against potential criminals and a minimal delay will not generally intrude into the defendant's due process rights.
We understand and are sympathetic to the trial judge's practical concerns. In certain circumstances this process could be abused. Under the unique facts of this case, however, we conclude that the officer did not transgress the protections afforded to Mr. Taylor by the due process clause of the Florida Constitution. Therefore, we reverse the order of dismissal and reinstate the charge.
In his cross-appeal Mr. Taylor contends that the prosecution for these three transactions violates his right not to "be twice put in jeopardy for the same offense," as provided by article 1, section 9 of the Florida Constitution. This constitutional clause provides three basic safeguards: it protects against a second prosecution for the same offense after a prior acquittal; it protects against a second prosecution for the same offense after conviction; and it protects against multiple punishments for the same offense. See State v. Wilson, 680 So.2d 411, 413 (Fla. 1996). Here, the filing of separate charges based on distinct conduct occurring on separate days does not implicate the protections *1168 of the double jeopardy clause of the Florida Constitution. Furthermore, Mr. Taylor has yet to be convicted of, acquitted of, or punished for any of these charges and his argument is premature. Accordingly, we affirm the trial court's ruling on double jeopardy.
Finally, we dismiss that portion of Mr. Taylor's cross-appeal relating to the court's denial of his motion to suppress. At this time we have no jurisdiction to consider the defendant's pretrial "cross-appeal" of an order entirely unrelated to the order the State has appealed. Fla. R.App.P. 9.140(b); State v. Miller, 710 So.2d 686 (Fla. 2d DCA 1998).
Affirmed in part, reversed in part, dismissed in part, and remanded with instructions to reinstate the charge of trafficking in cocaine on October 8, 1998.
PATTERSON, C.J., and SALCINES, J., concur.