787 So.2d 232 (2001)
Jeffrey FLETCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1436.
District Court of Appeal of Florida, Second District.
May 23, 2001.
*233 Michael P. McDaniel of McDaniel & Lobb, P.A., Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Jeffery Fletcher challenges his judgment and sentences for committing a lewd act in the presence of a child and battery. Because the only evidence of Fletcher's guilt was discovered in the execution of a warrant which was unsupported by probable cause, we reverse.
Fletcher was charged with child abuse, committing a lewd act in the presence of a minor, and two counts of committing a lewd act upon a child. He was acquitted of child abuse and one count of committing a lewd act upon a child. As to the second count of lewd act upon a child, the jury found Fletcher guilty of battery, a lesser included offense. The charges stemmed from videotapes discovered during the execution of a warrant at Fletcher's residence. As a basis of probable cause, the warrant application alleged, in part, the following:
1) Fletcher's twelve-year-old daughter reported finding a camera lens secreted behind grillwork in her bathroom;
2) The angle of the lens was directed at the bathroom mirror which afforded a view of the bathtub and probably the toilet as well;
3) Fletcher's daughter also observed a video camera positioned in the upper corner of the bedroom occupied by his seven-year-old daughter;
4) Fletcher is employed in the electronics field, has above average knowledge about computers and videos, and has three computers in his home (one of which is connected to the Internet); and
5) Fletcher spends a lot of time at his computers and his daughter reported seeing pictures of naked women on the computer.
The warrant application also provided a behavioral profile for pedophiles and those who collect and trade child pornography over the Internet.
Among other things, several videotapes were seized during the search of Fletcher's home. Fletcher moved to suppress the videotapes prior to trial, arguing that the facts alleged in the warrant application did *234 not provide probable cause for the search. What is depicted on the videos is not relevant to our review of the trial court's probable cause determination.
Fletcher challenges the validity of the warrant on two grounds. First, he claims that information provided in the warrant application was stale because the application did not allege facts to show that the hidden cameras were operational. We reject this argument because the staleness doctrine relates to the age of information and events that form the factual basis for issuing a warrant. Generally, as the incriminating information ages, it becomes less likely that evidence of a crime will be found on the premises sought to be searched. Haworth v. State, 637 So.2d 267, 267 (Fla. 2d DCA 1994) (noting that the length of time between events relied upon to obtain a warrant and the date of issuance determines whether the events and information are stale). Florida courts have held that the rule of thumb on staleness determinations is thirty days. Id.; Montgomery v. State, 584 So.2d 65 (Fla. 1st DCA 1991). In the present case, Fletcher's daughter discovered the hidden cameras on July 9, 1998, and reported them to the police on July 20, 1998. The warrant was issued on July 22, 1998. The presence of the cameras observed only thirteen days prior to the issuance of the warrant sufficiently demonstrates that the information provided in this case was not stale. It was not necessary that the warrant application allege facts to show that the cameras were operational.
The argument Fletcher advances in part two of his challenge to the warrant is more availing. He contends the videotapes should have been suppressed because the warrant affidavit did not allege facts to establish probable cause to believe that child pornography would be discovered in his home. Fletcher relies upon Lockwood v. State, 588 So.2d 57 (Fla. 4th DCA 1991), in arguing that the presence of a hidden camera in his daughters' bedroom and bathroom did not establish probable cause because, at most, the hidden cameras would have only captured children undressing, showering and donning their clothes. The defendant in Lockwood was arrested and tried for possession of child pornography after the police discovered videotapes during a search of his business. He argued that the videos, which depicted a sixteen-year-old girl undressing, showering, performing other acts of feminine hygiene, should have been excluded from evidence because they were not described with sufficient particularly in the search warrant. Lockwood also alleged that the trial court erred by denying his motions for judgment of acquittal because the evidence adduced at trial did not establish possession of materials proscribed by section 827.071(5), Florida Statutes (1989), the child pornography statute. The Fourth District rejected Lockwood's argument as to the motion to suppress, finding that the direction of the warrant was sufficiently broad to cover the videos; nevertheless, the court reversed Lockwood's conviction, finding the videos insufficient to establish a violation of section 827.071(5). The court reasoned that the videos, which showed "innocent, normal everyday occurrence[s] of a female child undressing, showering, performing acts of female hygiene and donning her clothes," did not depict conduct which satisfies the statutory definition of sexual conduct. Lockwood, 588 So.2d at 58. We are persuaded by the Fourth District's reasoning in Lockwood and also conclude that the videotaping and possession of tapes which depict such activity is not unlawful in the context of the child pornography statute.
The warrant application in this case states that based on information provided *235 by Fletcher's daughter, the police believed the purpose of the hidden cameras was to produce child pornography. The child pornography statute requires that suspect videos depict children engaged in "sexual conduct," which is defined as:
[A]ctual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast, with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed.
§ 827.071(1)(g), Fla. Stat. (1997). Thus, in order to establish probable cause, the warrant affidavit must have alleged sufficient facts to lead the issuing magistrate to believe that videos or photos depicting children engaged in "sexual conduct," would be found in Fletcher's home. The warrant in this case merely alleged that hidden cameras were situated in a bedroom and bathroom in Fletcher's home. However, the affidavit contained no facts to establish that these cameras could have captured anything more than innocent conduct such as children using the toilet, dressing and bathing. The presence of cameras which can only record such conduct does not establish probable cause to suspect possession of child pornography. Moreover, allegations of Fletcher's technical knowledge, the description of practices of child pornographers and Internet sites that cater to "kiddy" covert voyeurism, likewise did not establish probable cause to support the warrant in this case.
The State relies on Schmitt v. State, 590 So.2d 404 (Fla.1991), and urges affirmance based on public policy in favor of protecting children from sexual exploitation. Id. at 410. We are mindful of these policy considerations and believe that they apply equally in this case; however, public policy could not create probable cause to believe that child pornography would be found in Fletcher's home based on the facts alleged in this warrant application. And, notwithstanding compelling policy arguments, we find Schmitt wholly distinguishable. Unlike the warrant application under review in this case, the warrant application in Schmitt alleged sufficient facts to provide the issuing magistrate with a substantial factual basis to conclude that probable cause existed in that case.
The warrant application in Schmitt alleged that the defendant's daughter reported that he had taken numerous nude photographs of her in various poses over a period of five years; that Schmitt had photographed a nude female in his daughter's presence; that she (Schmitt's daughter) had photographed him nude on numerous occasions; and that Schmitt had videotaped his daughter and her friend "stripping down to their panties" and swimming nude. Id. at 408. The application also alleged violations of sections 827.071, Florida Statutes (1987) (sexual performance by a child) and 800.04, Florida Statutes (1987) (lewdness in the presence of a child). Schmitt argued that the warrant application was facially insufficient to support a finding of probable cause because it merely alleged nudity. However, the court held that the application alleged sufficient facts to establish probable cause as to the element of "actual lewd exhibition of the genitals" in section 827.071(1)(g), as well as lewdness in the presence of a child, proscribed by section 800.04. Id. at 410. The court reached this conclusion upon finding that the warrant application did more than allege simple nudity, it showed that Schmitt "made nudity a central and almost obsessive object of his attention" and that an "overall focus of Schmitt's conduct tended to show a lewd *236 intent," thus, creating a substantial basis for believing that the search would probably yield evidence of a violation of sections 827.071 and 800.04. Schmitt, 590 So.2d at 411. In contrast to Schmitt, the warrant application in the present case only alleged suspicion of the production of child pornography. This and other factual distinctions between Schmitt and the present case cause us to reject Schmitt as controlling authority here.
Although Fletcher's conduct which lead to his conviction for lewd act upon a child was reprehensible, the presence of secreted video cameras positioned to capture a child performing typical acts of feminine hygiene does not give rise to probable cause for a warrant issued on the suspicion of possession of child pornography. Accordingly, we reverse. Our ruling on the trial court's probable cause determination renders the remaining issues raised by Fletcher moot.
Reversed.
BLUE, A.C.J., and CASANUEVA, J., Concur.