PER CURIAM.
Jose Pamblanco (“Pamblanco”) appeals his conviction for solicitation of a child under the age of sixteen to commit lewd or lascivious conduct. We reverse for a new trial and remand for resentencing on Pam-blanco’s remaining offenses.
In February 2010, Pamblanco began texting a twelve-year-old girl whom he did not know. The girl, whose name was J.G., expressly told Pamblanco her age. Upon learning of the incident, the child’s mother turned the phone over to a detective, who texted back and forth with Pamblanco. Eventually the conversations turned sexual. Pamblanco, who thought the detective was J.G., asked him various things, such as whether the detective “wanted to see his thing,” if he had ever done anything with a boy, and if he wanted to “give him a B.J.” Pamblanco also texted “he was hard,” “he was laying in bed and he was hard,” and “he wanted to meet with me in my house, and sneak into [J.G.’s] bedroom.” Finally, Pamblanco asked the detective, whom he still thought was J.G., whether her friends had ever “milked someone” or “if they ever tasted the milk.” At some point, Pamblanco asked to meet the detective at McDonald’s, but the detective did not show due to time constraints. Pamblanco complained that he had been “fronted,” meaning J.G. had not showed. A female detective also pretended to be J.G. on the telephone and initiated a plan to meet Pamblanco at McDonald’s. However, Pamblanco did not appear. He later told the detective he had car trouble. He was ultimately arrested, at which time *251 detectives obtained Pamblanco’s cell phone, showing the texts and phone calls. Pamblanco admitted to a detective he is the only person who uses that cell phone.
Based on these facts, Pamblanco was charged by amended information with four offenses, including solicitation of a child under the age of sixteen to commit lewd or lascivious conduct.[1] At trial, in addition to the above evidence, the controlled phone calls between Pamblanco and the female detective, posing as J.G., were played for the jury and a copy of the messages were introduced into evidence. The defense declined to call any witnesses. The jury was then instructed, without objection, that it could find Pamblanco guilty of the crime of solicitation of a child under sixteen to commit lewd or lascivious conduct if the State proved: (1) J.G. was under sixteen years of age; (2) Pamblanco solicited either J.G. or another person he believed to be J.G. to commit a lewd or lascivious act; and (3) Pamblanco was eighteen years or older at the time of the offense. No objection was made to the instruction as read, and Pam-blanco was found guilty by the jury of all four crimes as charged in the information.
On appeal, Pamblanco argues the trial court erred when it instructed the jury he could be convicted of the offense of solicitation of a child under sixteen to commit lewd or lascivious conduct if he merely believed the victim to be under sixteen. He contends under section 800.04(6), Florida Statutes (2011), the victim must be under sixteen years of age, this is an element of the offense, and the instruction as given was fundamental error.
The State, on the other hand, argues solicitation, like attempt, is a crime which focuses on the defendant’s intent. It therefore argues it was enough to show Pamblanco made a request that the victim perform what he thought was a lewd act by a minor and it is no defense that the victim was not an actual minor, as legal impossibility is not a defense in Florida.
Section 800.04(6)(a)2., Florida Statutes (2011), provides “[a] person who ... solicits a person under 16 years of age to commit a lewd or lascivious act commits lewd or lascivious conduct.” In addition, “[a]n offender 18 years of age or older who commits lewd or lascivious conduct commits a felony of the second degree.” § 800.04(6)(b), Fla. Stat. Solicitation under the statute means “to ask earnestly or to try to induce the person solicited to do the thing solicited.” Fla. Std. Jury Instr. (Crim.) 11.10(d).[2]
“The gist of criminal solicitation is enticement....” Hutchinson v. State, 315 So.2d 546, 548 (Fla. 2d DCA 1975) (distinguishing between an attempt and solicitation). The reason is that the laws against solicitation are “concerned not only with the prevention of the harm that would result should the inducements prove successful, but with protecting inhabitants of this state from being exposed to inducements to commit or join in the commission of the crime specified.... ” Miller v. State, 430 So.2d 611, 614 (Fla. *252 4th DCA 1988) (quoting People v. Burt, 45 Cal.2d 311, 288 P.2d 503, 505 (1955)). The Florida Supreme Court has stated that “[t]he elements of criminal solicitation are (1) commanding, hiring, requesting, or encouraging another person to commit a crime and (2) the intent that the other person commit the crime.” The Florida Bar v. Marable, 645 So.2d 438, 442 (Fla. 1994).
The State argues that, due to the focus on intent, the offense is complete when a person asks another to commit a crime with the intent that the other commit the crime. See State v. Johnson, 561 So.2d 1321, 1323 (Fla. 4th DCA 1990); State v. Waskin, 481 So.2d 492, 493 (Fla. 3d DCA 1985). However, the intent aspects of section 800.04(6) are not as clear as advocated by the State. The authority relied on by the State pertains to section 777.04(2), Florida Statutes, the general criminal solicitation provision. There is no indication this section has any bearing on the definition of “solicitation” contained in section 800.04(6), Florida Statutes.
More problematic for the State is that the age of the person solicited is an element of the offense of solicitation in violation of section 800.04(6). The statute provides “[a] person who ... solicits a person under 16 years of age to commit a lewd or lascivious act commits lewd or lascivious conduct.” § 800.04(6)(a)(2), Fla. Stat. (emphasis added). That the child’s age is an element of the offense makes perfect sense because soliciting an adult to commit a lewd or lascivious act is not a crime in Florida; it is a crime only if the person solicited is under sixteen years of age. Moreover, it is only a person who actually commits (versus attempts to commit) lewd or lascivious conduct who commits a felony. See, e.g., § 800.04(6)(b), Fla. Stat. (“An offender 18 years of age or older who commits lewd or lascivious conduct commits a felony of the second degree.”).
That the age of the victim is an element of the offense is reflected in the standard jury instructions, which require the State to prove that “the victim is under 16 years of age.” Fla. Std. Jury Instr. (Crim.) 11.10(d). This requirement must be contrasted with that in other statutes which plainly punish the defendant both if the victim is a child or is believed to be a child. See, e.g., § 847.0135(3)(a), Fla. Stat. (involving statute entitled the “Computer Pornography and Child Exploitation Act,” which expressly criminalizes the use of a computer to solicit, or attempt to solicit, not only a child, but a person believed to be a child); § 847.0135(4), Fla. Stat. (making it an offense to travel to meet a child or a person believed to be a child for the illicit purposes outlined in the statute). Thus, for the completed offense of solicitation of a child under the age of sixteen to commit lewd or lascivious conduct, it seems clear the request must be made to someone under sixteen. It is not enough a defendant believes the victim is under sixteen. We, therefore, vacate Pamblanco’s conviction for solicitation of a child under the age of sixteen to commit lewd or lascivious conduct. See F.B. v. State, 852 So.2d 226, 230 (Fla.2003) (holding that when “the evidence is totally insufficient as a matter of law to establish the commission of a crime ... [s]ueh complete failure of the evidence meets the requirements of fundamental error ... ”).[3]
The State argues the actual text messages were introduced at trial, but these exhibits have not been included in *253 the record on appeal. It therefore contends that this Court cannot determine whether Pamblanco directly solicited twelve-year-old J.G. and is required to affirm the conviction. However, even if there is evidence that Pamblanco directly solicited J.G., the jury was given improper instructions concerning the offense. The general verdict that was used in this case makes it impossible for this Court to determine whether Pamblanco was convicted based on the jury’s conclusion that Pam-blanco solicited the detective. The error is fundamental and requires reversal for a new trial to the extent there is evidence that Pamblanco directly solicited J.G. See Fitzpatrick v. State, 859 So.2d 486, 490 (Fla.2003) (“It is well established that a general jury verdict cannot stand where one of the theories of prosecution is legally inadequate.”); Mackerley v. State, 777 So.2d 969, 969 (Fla.2001) (same). Pam-blanco is entitled to resentencing for the remaining offenses.
REVERSED and REMANDED WITH DIRECTIONS.
PALMER, LAWSON and JACOBUS, JJ., concur.

. He was also charged and convicted of: (1) traveling to meet a minor for unlawful sexual act; (2) solicitation of a minor via a device capable of electronic data storage or transmission; and (3) unlawful use of a two-way communication device. The remaining convictions have not been challenged on appeal.

. The offense is different from general criminal solicitation, which requires a defendant to solicit another to commit a crime. See § 777.04(2), Fla. Stat. (stating that general criminal solicitation occurs when ''[a] person ... solicits another to commit an offense prohibited by law and in the course of such solicitation commands, encourages, hires, or requests another person to engage in specific conduct which would constitute such offense or an attempt to commit such offense....").

. The parties have not briefed the issue of attempted solicitation and whether a conviction could be obtained for attempted solicitation under the facts of this case.