BENTON, J.
Gregory Andrews, who the state alleged was born on January 11, 1963, appeals his conviction for solicitation of a child under the age of sixteen (J.M.) to commit a lewd or lascivious act in violation of section 800.04(6)(a) and (b), Florida Statutes (2012), arguing that the evidence was insufficient to prove the crime. We affirm.
The jury heard evidence of a sleepover at J.M.’s (female) friend’s house (just across the street from her own home) which coincided with an adult party, during which J.M.’s friend’s mother passed out in her bedroom. It was then that appellant called J.M. into the bathroom opening off the bedroom, shutting and locking the door behind her. Inside and alone with J.M., he told her that she was “fine” (and that her mother was “gorgeous”). J.M. testified that that made her uncomfortable, and they both left the bathroom.
Not long afterwards, however, Mr. Andrews asked J.M. to go into the bathroom with him a second time. She complied, she testified, because she thought she would be sent home otherwise. Again alone with her in the bathroom, he asked her for a “favor,” and she agreed before hearing the specifics. She explained, “[I]n the back of my mind I didn’t want to say no because if I refused to something I would feel like he would have the chance to either rape me or kill me.” [1]
The favor he requested was that she use her cellular telephone, which was also a camera, to take a nude photograph of herself “right there,” in exchange for $250. Throughout this encounter, he was “looking [her] up and down” and rubbing her leg. When J.M. said she did not have her phone on her person, he told her to go get it. She then left the bathroom, grabbed the phone, ran home and recounted events to her mother, who called the police.
Appellant argues that taking a nude photograph, particularly if the photographer is also the subject, need not be a lewd or lascivious act. Evidence that he requested a nude photograph, he maintains, was insufficient to prove solicitation of a lewd or lascivious act or any other violation of law. He contends, in short, that there existed insufficient evidence for the jury to conclude that he acted with lewd or lascivious intent.
As pointed out in Chesebrough v. State, 255 So.2d 675, 677-78 (Fla.1971), the Legislature has not defined the terms “lewd” and “lascivious.” But “[gjenerally speaking, [ ] these words, when used in a statute to define an offense, usually have the same meaning, that is, an unlawful indulgence in lust, eager for sexual indulgence.” Id. at 678. See Pamblanco v. *790 State, 111 So.3d 249, 251 (Fla. 5th DCA 2013) (apparently adopting state’s argument that “solicitation, like attempt, is a crime which focuses on the defendant’s intent”); State v. Brabson, 7 So.3d 1119, 1124 (Fla. 2d DCA 2008) (stating that our “Supreme Court’s holding in Schmitt[ v. State, 590 So.2d 404 (Fla.1991) ] appears to be entirely consistent with the ... view that the lewdness requirement may be satisfied by the defendant’s intent”). Which acts or conduct is lewd or lascivious is a factual issue to be decided on a case-by-case basis. See Chesebrough, at 679.
Appellant’s reliance on Lockwood v. State, 588 So.2d 57 (Fla. 4th DCA 1991) is unavailing. That case involved section 827.071(5), Florida Statutes (1989), which prohibited possession of a motion picture depicting sexual conduct by a child, the term “sexual conduct” being specifically defined in section 827.071(1)(g). The Lockwood court concluded that footage of a 16-year-old girl, recorded by a camera hidden in her bathroom, did not meet the statutory definition, as a matter of law, holding that the child’s “undressing, showering, toweling herself dry, and performing other acts of feminine hygiene” did not amount to “sexual conduct” within the meaning of section 827.071(l)(g). Id. at 57-58.
We accept the premise that not all nude photographs are lewd and lascivious, and that some may indeed enjoy First Amendment protection. See Osborne v. Ohio, 495 U.S. 103, 112, 110 S.Ct. 1691, 109 L.Ed.2d 98 (1990) (“We have stated that depictions of nudity, without more, constitute protected expression.”); New York v. Ferber, 458 U.S. 747, 773, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982) (hypothesizing that protected depictions of child nudity could be found in materials “ranging from medical textbooks to pictorials in the National Geographic”); Erznoznik v. City of Jacksonville, 422 U.S. 205, 213, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975) (“Clearly all nudity cannot be deemed obscene even as to minors.”); Schmitt v. State, 590 So.2d 404, 409 (Fla.1991) (“[T]he law is now well settled that simple non-obscene nudity in photographs or films is a protected form of expression under the first amendment.”) (footnote omitted).
But the precise photograph Mr. Andrews envisioned is beside the point under section 800.04. In the present case, “the totality of the circumstances was such that the jury could properly have concluded that defendant’s conduct violated the statute.” Egal v. State, 469 So.2d 196, 198 (Fla. 2d DCA 1985). Contrast Payne v. State, 463 So.2d 271, 271-272 (Fla. 2d DCA 1984) (holding the act of urinating in public does not by itself constitute a lewd or lascivious act). We reject appellant’s contention[2] that the state had to prove that the nude photo he asked for would be pornographic, in order to prove that his asking J.M. to disrobe for him in the bathroom was unlawful under section 800.04(6)(a) & (b), Florida Statutes (2012).
Uncomfortable after the first bathroom encounter, she testified, because a man was saying “a whole bunch of stuff’ to her that, she said she felt, should have been directed to “a grown woman,” J.M.’s testimony painted a picture for the jury. The jury evidently credited her testimony that Mr. Andrews asked her to take a nude photograph on the spot, in the bathroom that only the two of them shared, while rubbing her leg and looking her “up and *791 down.” He might as well have said, “Take your clothes off.”
In the circumstances, appellant’s proposition allowed the jury to find, as they did, lewd and lascivious intent, in no way dependent on any imagined image. Using their “common sense in deciding which is the best evidence, and which evidence should not be relied upon in considering” its verdict, Fla. Std. Jury Instr. (Crim.) 3.9, the jury was entitled to conclude, based on the evidence adduced, that Mr. Andrews had more than photography in mind.
Affirmed.
LEWIS, C.J. and SWANSON, J„ concur.

. She testified she had seen a knife in the back pocket of his pants.

. Appellant contended in his initial brief that "[i]n order to establish a picture of a nude minor to be unlawful, the state would have to prove it contained an actual lewd exhibition of genitals.”